UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

<table>
<tr><td>

PETER FORTE and MARY ANN FORTE,<br>individually and on behalf of others similarly<br>situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>STAACK & SIMMS, P.A. d/b/a TIMESHARE<br>TRUSTEE; TIMESHARE TRUSTEE, LLC; and<br>THE RESORT ON COCOA BEACH<br>ASSOCIATION, INC.<br><br>            Defendants.

</td><td>

Case No. 8:16-cv-1027T33 AEP<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>JURY TRIAL DEMANDED

</td></tr>
</table>

Plaintiffs PETER FORTE and MARY ANN FORTE, individually and on behalf of all other persons similarly situated, allege the following claims against Defendants STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE, TIMESHARE TRUSTEE, LLC, and THE RESORT ON COCOA BEACH ASSOCIATION, INC. based upon personal knowledge with respect to themselves and their own actions and upon information and belief as to all other matters derived from, among other things, investigation of counsel.

### PRELIMINARY STATEMENT

1.      Plaintiffs bring this class action on their own behalf and on behalf of all others similarly situated pursuant to 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA") and Fla. Stat. § 559.55, *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA"), and Rule 23, Federal Rules of Civil Procedure.


TPA036399
$400.00

1

## JURISDICTION AND VENUE

2.       This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.       Venue is proper in this District because the acts, transactions and occurrences giving rise to this cause of action occurred here, and the Defendant transacts business here.

## PARTIES

4.       Plaintiff PETER FORTE is a natural person who is a resident of Columbia County, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. 559.55(8).

5.       Plaintiff MARY ANN FORTE is a natural person who is a resident of Columbia County, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. 559.55(8).

6.       Defendant STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE is a Florida corporation with its principal place of business located at 900 Drew Street, Suite 1, Clearwater, Florida 33755.  Defendant STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE conducts business in Florida and in this District and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. §559.55(7), and a "person" as that term is defined by Fla. Stat. 559.72.  At all material times, Defendant STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE was acting in its own capacity and as an agent of Defendant THE RESORT ON COCOA BEACH ASSOCIATION, INC., as well as other timeshare associations.

7.       Defendant TIMESHARE TRUSTEE, LLC is a Florida limited liability company with its principal place of business located at 900 Drew Street, Suite 1, Clearwater, Florida 33755. Defendant TIMESHARE TRUSTEE conducts business in Florida and in this District and is a "debt

2

collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. §559.55(7), and a "person" as that term is defined by Fla. Stat. 559.72. At all material times, Defendant TIMESHARE TRUSTEE, LLC was acting in its own capacity and as an agent of Defendant THE RESORT ON COCOA BEACH ASSOCIATION, INC., as well as other timeshare associations.

8.      Defendant THE RESORT ON COCOA BEACH ASSOCIATION, INC. is a Florida not-for-profit corporation with its principal place of business located at 1600 North Atlantic Avenue, Cocoa Beach, Florida 32931. Defendant THE RESORT ON COCOA BEACH ASSOCIATION, INC. conducts business in this District and is a "person" as that term is defined by Fla. Stat. 559.72. At all material times, Defendant THE RESORT ON COCOA BEACH ASSOCIATION, INC. knew or should have known of the other Defendants' conduct in violation of the FCCPA, as more fully described below, and is responsible for said conduct pursuant to the FCCPA, Fla. Stat. 559.72.

## CLASS ACTION ALLEGATIONS

9.      Plaintiffs bring this action as a class action, pursuant to Rule 23, Fed. R. Civ. P., on their own behalf and on behalf of all others similarly situated, who have received debt collection letters and/or lien notices from Defendants and whose information, including information regarding their alleged debt, was included in communications to other alleged debtors or other persons in violation of the FDCPA and FCCPA, together with their successors in interest (the "Consumer Class").

10.     Excluded from the Class are Defendants and their officers and directors, agents, employees, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has a controlling interest.

3

11.    The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe that thousands of individuals were affected by Defendants violations of the FDCPA and FCCPA.

12.    Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct.

13.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a.    whether Defendant acted wrongfully by publishing and/or including the list of Plaintiffs' and class members' alleged debts in the form debt collection letters;

b.    whether Defendant acted wrongfully by publishing and/or including the list of Plaintiffs' and class members' alleged debts in the lien notices;

c.    whether Defendant's conduct violated law;

d.    whether Plaintiffs and the other members of the Class have been damaged, and, if so, what is the appropriate relief; and

e.    Whether Plaintiffs and the other members of the Class are entitled to statutory damages.

14.    Plaintiffs' claims are typical of the claims of the members of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of the other members of the Class.

15.     Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel highly competent and experienced in class action and complex litigation.

16.     Class action status in this action is warranted under Rule 23 because prosecution of separate actions by the members of the Class would create a risk of adjudications which would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.

17.     This forum is appropriate for litigation of this action since a substantial portion of the transactions, acts, events, and omissions alleged herein occurred in this District.

18.     Plaintiff anticipates no difficulty in the management of this litigation as a class action.

19.     The Class is readily definable, and prosecution as a class action will eliminate the possibility of repetitions litigation, while also providing redress for claims that may be too small to support the expense of individual complex litigation.

20.     For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTUAL ALLEGATIONS

21.     In or about January 2016, Defendant STAACK & SIMMS, P.A. d/b/a TIMSHARE TRUSTEE mailed a form collection letter to Plaintiffs at their residence demanding payment of a debt allegedly owed to THE RESORT ON COCOA BEACH ASSOCIATION, INC. (the "January Form Collection Letter").

22.     In or about March 2016, Defendant STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE mailed a document titled CLAIM OF LIEN to Plaintiffs at their residence, asserting a

lien against Plaintiffs' and class members' timeshares for amounts allegedly owed to THE RESORT ON COCOA BEACH ASSOCIATION, INC. (the "March Claim of Lien").

23.     Plaintiffs received both the January Form Collection Letter and the March Claim of Lien.

24.     Defendant THE RESORT ON COCOA BEACH ASSOCIATION, INC. is a "creditor" as that term is defined by 15 U.S.C. §1692a(4) and Fla. Stat. § 559.55(5), and is a "person" as that term is defined by Fla. Stat. 559.72.

25.     The debts Defendants allege to be due and owing in the January Form Collection Letter and the March Claim of Lien are "debts" as that term is defined by 15 U.S.C. §1692a(5) and Fla. Stat. § 559.55(6).

26.     Attached to the January Form Collection Letter, and to the March Claim of Lien, and referenced therein as Exhibit A, was a list of individuals who also allegedly owe debts to THE RESORT ON COCOA BEACH ASSOCIATION, INC. This list includes the names, addresses, and the amount of the alleged debt of those individuals. Plaintiffs' names, addresses, and the amount of their alleged debt was included in the list titled "Exhibit A." Upon information and belief, Defendants' inclusion of Exhibit A with the January Form Collection Letter and the March Claim of Lien was intentional.

27.     Upon information and belief, the January Form Collection Letter, including the Exhibit A listing the alleged debtors, including Plaintiffs, was sent to all other individuals listed in Exhibit A. Thus, the information regarding the Plaintiffs' alleged debt to THE RESORT ON COCOA BEACH ASSOCIATION, INC. was published to all other persons listed on Exhibit A.

28.     Upon information and belief, the information of the alleged debt of each person listed on Exhibit A was published to every other person also listed on Exhibit A.

6

29.     Upon information and belief, Defendants STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE, and TIMESHARE TRUSTEE, LLC use substantially the same form collection letters, including the list of alleged debtors and information about all of the alleged debts, in all of their timeshare collection efforts.

30.     The website of TIMESHARE TRUSTEE lists seven (7) other timeshares that TIMESHARE TRUSTEE is engaged in "processing non-judicial foreclosures." *See* http://www.thetimesharetrustee.com/sales-instructions/pending-foreclosures/.

31.     It is reasonable to conclude that Defendants STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE and TIMESHARE TRUSTEE, LLC have engaged in similar behavior to that described in this Complaint, including publishing lists of alleged debts and debtors, in those and other timeshare collections efforts.

## COUNT I – VIOLATION OF THE FDCPA, 15 U.S.C. § 1692, *et seq.* AS TO STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE, AND TIMESHARE TRUSTEE, LLC

32.     This is an action against STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE and TIMESHARE TRUSTEE, LLC, for violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

33.     Plaintiffs reallege and incorporate paragraphs 1 through 31 as if fully set forth herein.

34.     15 U.S.C. § 1692d provides, in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…
> (3) The publication of a list of consumers who allegedly refuse to pay debts…

35.     The January Form Collection Letter violated 15 U.S.C. § 1692d because it included a list of other consumers who allegedly owed debts to Defendant THE RESORT ON COCOA

7

BEACH ASSOCIATION, INC., including the consumers' names, addresses, and the amounts of those alleged debts.

36.     Upon information and belief, the January Form Collection Letter, including the Exhibit A listing the alleged debtors, including Plaintiffs, was sent to all other individuals listed in Exhibit A.  Thus, the information regarding the Plaintiffs' alleged debt to THE RESORT ON COCOA BEACH ASSOCIATION, INC. was published to all other persons listed on Exhibit A.

37.     Upon information and belief, the information of the alleged debt of each person listed on Exhibit A of the January Form Collection Letter was published to every other person also listed on Exhibit A of the January Form Collection Letter.

38.     The March Lien Notice violated 15 U.S.C. § 1692d because is included a list of other consumers who allegedly owed debts to Defendant THE RESORT ON COCOA BEACH ASSOCIATION, INC., including the consumers' names, addresses, and the amounts of those alleged debts.

39.     Upon information and belief, the March Lien Notice, including the Exhibit A listing the alleged debtors, including Plaintiffs, was sent to all other individuals listed in Exhibit A.  Thus, the information regarding the Plaintiffs' alleged debt to THE RESORT ON COCOA BEACH ASSOCIATION, INC. was published to all other persons listed on Exhibit A.

40.     Upon information and belief, the information of the alleged debt of each person listed on Exhibit A to the March Lien Notice was published to every other person also listed on Exhibit A of the March Lien Notice.

41.     As a result of Defendants' violations of the FDCPA, Plaintiffs and class members have been damaged and are entitled to (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b)

statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B); and (3) reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiffs respectfully requests this Court to enter a judgment against Defendants STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE and TIMESHARE TRUSTEE, LLC as follows:

A.      An order certifying the Plaintiff Class, determining that the action is a proper class action maintainable under Fed. R. Civ. P. 23, and appointing Plaintiffs and their respective counsel to represent the Class as defined above;

B.      Compensatory and statutory damages in an amount to be determined at trial and/or other appropriate relief;

C.      Pre-judgment and post-judgment interest at the maximum rate allowable at law;

D.      Costs and fees incurred, including attorneys' fees and experts' fees and costs;

E.      Such further legal and equitable relief as the court may deem proper.

**COUNT II – VIOLATION OF THE FCCPA, FLA. STAT. 559.55, *et seq.* AS TO STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE AND TIMESHARE TRUSTEE, LLC**

42.     This is an action against STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE and TIMESHARE TRUSTEE, LLC, for violations of the FCCPA, Fla. Stat. § 559.55 *et seq.*

43.     Plaintiffs reallege and incorporate paragraphs 1 through 31 as if fully set forth herein.

44.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:...
(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with

knowledge or reason to know that the other person does not have a legitimate
business need for the information or that the information is false…
(14) Publish or post, threaten to publish or post, or cause to be published or posted
before the general public individual names or any list of names of debtors,
commonly known as a deadbeat list, for the purpose of enforcing or attempting to
enforce collection of consumer debts.

45.     The January Form Collection Letter violated Fla. Stat. § 559.72 because it included a
list of other consumers who allegedly owed debts to Defendant THE RESORT ON COCOA
BEACH ASSOCIATION, INC., including the consumers' names, addresses, and the amounts of
those alleged debts.

46.     Upon information and belief, the January Form Collection Letter, including the
Exhibit A listing the alleged debtors, including Plaintiffs, was sent to all other individuals listed in
Exhibit A.   Thus, the information regarding the Plaintiffs' alleged debt to THE RESORT ON
COCOA BEACH ASSOCIATION, INC. was published to all other persons listed on Exhibit A.

47.     Upon information and belief, the information of the alleged debt of each person
listed on Exhibit A of the January Form Collection Letter was published to every other person also
listed on Exhibit A of the January Form Collection Letter.

48.     The March Lien Notice violated Fla. Stat. § 559.72 because is included a list of other
consumers who allegedly owed debts to Defendant THE RESORT ON COCOA BEACH
ASSOCIATION, INC., including the consumers' names, addresses, and the amounts of those
alleged debts.

49.     Upon information and belief, the March Lien Notice, including the Exhibit A listing
the alleged debtors, including Plaintiffs, was sent to all other individuals listed in Exhibit A.   Thus,
the information regarding the Plaintiffs' alleged debt to THE RESORT ON COCOA BEACH
ASSOCIATION, INC. was published to all other persons listed on Exhibit A.

50.    Upon information and belief, the information of the alleged debt of each person listed on Exhibit A to the March Lien Notice was published to every other person also listed on Exhibit A of the March Lien Notice.

51.    As a result of Defendants' violations of the FDCPA, Plaintiffs and class members have been damaged and are entitled to (a) actual damages pursuant to Fla. Stat. § 559.77(2); (b) statutory damages pursuant to Fla. Stat. § 559.77(2); and (3) reasonable attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2).

WHEREFORE, Plaintiffs respectfully requests this Court to enter a judgment against Defendants STAACK & SIMMS, P.A. d/b/a TIMESHARE TRUSTEE and TIMESHARE TRUSTEE, LLC as follows:

A.    An order certifying the Plaintiff Class, determining that the action is a proper class action maintainable under Fed. R. Civ. P. 23, and appointing Plaintiffs and their respective counsel to represent the Class as defined above;

B.    Compensatory and statutory damages in an amount to be determined at trial and/or other appropriate relief;

C.    Pre-judgment and post-judgment interest at the maximum rate allowable at law;

D.    Costs and fees incurred, including attorneys' fees and experts' fees and costs;

E.    Such further legal and equitable relief as the court may deem proper.

## COUNT III – VIOLATION OF THE FCCPA, FLA. STAT. 559.55, *et seq.* AS TO THE RESORT ON COCOA BEACH ASSOCIATION, INC.

52.    This is an action against THE RESORT ON COCOA BEACH ASSOCIATION, INC. for violations of the FCCPA, Fla. Stat. § 559.55 *et seq.*

11

53.     Plaintiffs reallege and incorporate paragraphs 1 through 31 as if fully set forth herein.

54.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:...
(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false...
(14) Publish or post, threaten to publish or post, or cause to be published or posted before the general public individual names or any list of names of debtors, commonly known as a deadbeat list, for the purpose of enforcing or attempting to enforce collection of consumer debts.

55.     The January Form Collection Letter violated Fla. Stat. § 559.72 because it included a list of other consumers who allegedly owed debts to Defendant THE RESORT ON COCOA BEACH ASSOCIATION, INC., including the consumers' names, addresses, and the amounts of those alleged debts.

56.     Upon information and belief, the January Form Collection Letter, including the Exhibit A listing the alleged debtors, including Plaintiffs, was sent to all other individuals listed in Exhibit A. Thus, the information regarding the Plaintiffs' alleged debt to THE RESORT ON COCOA BEACH ASSOCIATION, INC. was published to all other persons listed on Exhibit A.

57.     Upon information and belief, the information of the alleged debt of each person listed on Exhibit A of the January Form Collection Letter was published to every other person also listed on Exhibit A of the January Form Collection Letter.

58.     The March Lien Notice violated Fla. Stat. § 559.72 because is included a list of other consumers who allegedly owed debts to Defendant THE RESORT ON COCOA BEACH ASSOCIATION, INC., including the consumers' names, addresses, and the amounts of those alleged debts.

59.     Upon information and belief, the March Lien Notice, including the Exhibit A listing the alleged debtors, including Plaintiffs, was sent to all other individuals listed in Exhibit A. Thus, the information regarding the Plaintiffs' alleged debt to THE RESORT ON COCOA BEACH ASSOCIATION, INC. was published to all other persons listed on Exhibit A.

60.     Upon information and belief, the information of the alleged debt of each person listed on Exhibit A to the March Lien Notice was published to every other person also listed on Exhibit A of the March Lien Notice.

61.     As a result of Defendants' violations of the FDCPA, Plaintiffs and class members have been damaged and are entitled to (a) actual damages pursuant to Fla. Stat. § 559.77(2); (b) statutory damages pursuant to Fla. Stat. § 559.77(2); and (3) reasonable attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2).

WHEREFORE, Plaintiffs respectfully requests this Court to enter a judgment against Defendant THE RESORT ON COCOA BEACH ASSOCIATION, INC. as follows:

A.     An order certifying the Plaintiff Class, determining that the action is a proper class action maintainable under Fed. R. Civ. P. 23, and appointing Plaintiffs and their respective counsel to represent the Class as defined above;

B.     Compensatory and statutory damages in an amount to be determined at trial and/or other appropriate relief;

C.     Pre-judgment and post-judgment interest at the maximum rate allowable at law;

D.     Costs and fees incurred, including attorneys' fees and experts' fees and costs;

E.     Such further legal and equitable relief as the court may deem proper.

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury on all issues so triable.

DATED this 25ᵗʰ day of April, 2016

Respectfully submitted,

Zachary West
Florida Bar No.: 71134
THE BERMAN LAW GROUP
P.O. Box 272789

Boca Raton, Fl. 33427
service@thebermanlawgroup.com
zwest@thebermanlawgroup.com
Telephone:  (561) 826-5200
Fax: (561) 826-5201
*Trial Counsel for Plaintiffs and Putative Class*

/s/ Nicolas Harvey
Nicolas Harvey
Florida Bar. No.: 58975
OSSI, WITHERS & HARRISON, P.A.
4731 NW 53ʳᵈ Avenue, Suite 1
Gainesville, FL 32653
Primary e-mail: nick@owhlaw.com
Secondary e-mail: diana@owhlaw.com
Telephone: (352) 692-4888
Fax:  (352) 692-4998
*Co-counsel for Plaintiffs and Putative Class*